UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRICOLOR AUTO GROUP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:17-CV-0996-G |
| CHRISTOPHER LOMBARDI, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the plaintiff's motion to remand the case to the state court from which it was previously removed (docket entry 6). For the reasons stated below, the plaintiff's motion is granted in part and denied in part.

I. BACKGROUND

On February 20, 2017, the plaintiff, Tricolor Auto Group, LLC ("Tricolor"), commenced this action in the 95th Judicial District Court of Dallas County, Texas against the defendant, Christopher Lombardi ("Lombardi"). Defendant's Notice of Removal ("Notice") ¶ 1 (docket entry 1). On April 7, 2017, Lombardi timely removed the action to this court based on diversity jurisdiction. *Id.* ¶¶ 4-8. Tricolor

is a Delaware limited liability company, with unknown citizenship. See *id.* ¶ 5. Lombardi is a Texas citizen. *Id.* ¶ 6. On April 13, 2017, Tricolor filed the instant motion to remand. Plaintiff's Motion to Remand ("Motion") (docket entry 6). On May 4, 2017, Lombardi filed a timely response, which was followed by Tricolor's timely reply. Defendant's Response to Plaintiff's Motion to Remand ("Response") (docket entry 7); Plaintiff's Reply (docket entry 8).

## II. ANALYSIS

### A. Motion to Remand

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988); see also *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941). The

party seeking removal bears the burden of establishing federal jurisdiction. *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal jurisdiction: the existence of a federal question, *see* 28 U.S.C. § 1331, and complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332. Here, Lombardi has alleged only diversity of citizenship as a basis for this court's jurisdiction. *See* Notice ¶¶ 4-8. The court can properly exercise jurisdiction on the basis of diversity of citizenship after removal only if three requirements are met: (1) the parties are of completely diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) none of the properly joined defendants is a citizen of the state in which the case is brought, *see* 28 U.S.C. § 1441(b); and (3) the case involves an amount in controversy of more than $75,000, *see* 28 U.S.C. § 1332(a).

A corporation is a citizen of (1) the state where it was incorporated and (2) the state of its principal place of business. 28 U.S.C. § 1332(c)(1). However, the citizenship of a limited liability company is determined by the citizenship of all of its members. See, *e.g.*, *Harvey v. Grey Wolf Drilling Company*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted); *Greene v. Moody*, 2010 U.S. Dist. LEXIS 59309, at *2 (N.D. Tex. June 14, 2010) (Fish, J.). A limited liability company's state of incorporation and principal place of business are irrelevant for determining whether diversity jurisdiction exists. See *Harvey*, 542 F.3d at 1080; *Bank of America, N.A. v.*

*Fulcrum Enterprises, LLC*, 608 Fed. App'x. 284, 284-85 (5th Cir. 2015) (holding that a pleading is facially insufficient to establish diversity jurisdiction when it does not allege the citizenship of a limited liability company's members).

First, in his notice of removal, Lombardi failed to adequately allege the citizenship of Tricolor. Lombardi only alleges that Tricolor is "organized in the State of Delaware." Notice ¶ 5. Without the citizenship of Tricolor's members before it, the court is unable to determine whether complete diversity exists between the parties. Moreover, Lombardi -- the defendant -- is a citizen of the state of Texas, rendering Lombardi's removal procedurally defective. *See* 28 U.S.C. § 1441(b); *Bayview Loan Servicing, L.L.C. v. Martinez*, No. 3:12-CV-0695-L, 2012 WL 1267882, at *1 (N.D. Tex. Apr. 13, 2012) (Lindsay, J.) ("Although this statute allows removal based on diversity, it does not apply to those actions in which any defendant is a citizen of the state in which the action is brought."); see also Notice ¶ 6. Thus, Tricolor's motion to remand is granted.

B. Attorney's Fees and Costs

Tricolor seeks attorney's fees and costs incurred by having to oppose Lombardi's removal. *See* Motion at 7-8. However, as Lombardi points out in his response, Tricolor did not confer or attach a certificate of conference to its motion to remand as required by Local Rule 7.1(a)-(b). *See* Response at 2-3. Because of

Tricolor's failure to comply with Local Rule 7.1(a)-(b), Tricolor's request for attorney's fees and costs is **DENIED**.

III. CONCLUSION

For the reasons stated above, the plaintiff's motion to remand is **GRANTED** in part and **DENIED** in part. This case is **REMANDED** to the **95th Judicial District Court of Dallas County, Texas**. The clerk shall mail a certified copy of this order to the district clerk of Dallas County, Texas. 28 U.S.C. § 1447(c).

**SO ORDERED**.

May 19, 2017.

*[signature: A. Joe Fish]*

**A. JOE FISH**
**Senior United States District Judge**